

# FASULO, SHALLEY & DIMAGGIO L.L.P.
## ATTORNEYS AT LAW

LOUIS V. FASULO *
MARGARET M. SHALLEY
CHARLES DI MAGGIO
*ADMITTED NJ

April 10, 2012

**VIA ECF AND HAND DELIVERY**
The Honorable Kiyo A. Matsumoto
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

          Re:    *United States v. Giovanni Galluzzo*
                  **11 Cr. 030-21 (KAM)**

Dear Judge Matsumoto:

      I represent Giovanni Galluzzo, the defendant in the above referenced case. This letter is respectfully submitted to reply to the government's April 5, 2012 sentencing submission. In response, we request that the Court impose a sentence of 16 months incarceration, followed by a period of 8 months home confinement, as originally proffered in Mr. Galluzzo's March 21, 2012 sentencing submission. Further, the defense opposes the government's request that Mr. Galluzzo be fined.

      The government argues (at pages 3 and 4 of their submission) that the Court should impose a sentence within the Guideline range of 27-33 months after consideration of alleged uncharged criminal conduct. The PSR likewise contains a series of alleged criminal acts and uncharged conduct as aggravating factors in ¶¶ 48-51 and 95. We seek to counter the suggestion that such conduct constitutes sufficient aggravating circumstances to warrant an upward variance to Mr. Galluzzo's sentence when viewed by the Court in light of Mr. Galluzzo's unique family circumstances and community involvement, as noted by Rabbi Tennenbaum and Monsignor Cassato in their letters to the Court. The conduct listed in the PSR is not proven by specific evidence and does not directly stem from the offenses for which the defendant is presently being sentenced. The conduct at issue is based on the uncorroborated testimony of a self-interested cooperating witness whose reliability has not been tested by the defense through cross-examination, or otherwise. In *United States v. Shonubi*, 998 F.2d 84, 89-90 (2d. Cir.

1993)("Shonubi II") the Second Circuit expressed awareness of the impact that uncharged conduct can have on a defendant's sentence, leading the Court to hold that relevant conduct must be proved by "specific evidence" if it will increase the Guideline range, noting that the uncharged conduct at issue in that case was impermissible because it was based only on "surmise" and "conjecture." With respect to the instant matter, the source of the uncharged conduct is a cooperating witness who has not been shown to have witnessed first-hand the conduct alleged in the PSR or by the government's submission. This is the equivalent of the "surmise" and "conjecture" condemned by the *Shonubi* Court. Additionally, in *United States v. Cordoba-Murgas,* 233 F.3d 704 (2d Cir. 2000) the Second Circuit encouraged the use of downward departures to counter-act enhancements for uncharged conduct based on evidence with minimal weight. "We believe that under the combination of circumstances that may be present here, including an…upward adjustment for uncharged conduct not proved at trial and found only by a preponderance of the evidence…the court would be authorized to depart downward…" *Cordoba-Murgas* at 709. Accordingly, this alleged conduct is not sufficiently trustworthy, reliable or probative to warrant any enhancement to what would otherwise constitute a just and reasonable sentence, especially given Mr. Galluzzo's unique family situation, community involvement and other relevant mitigating 3553(a) factors. Notably, in response to the defendant's earlier submission, the government has offered new uncharged conduct that is allegedly evidenced by a partially audible 9/17/2010 tape. With respect to this specific instance of alleged conduct, the government does not assert any act was ever committed by the defendant. Consequently, it is the defense's position that the uncharged conduct at issue in this case is not of sufficient weight to warrant an upward variance and the defendant's originally proposed sentence will justly punish the offense and achieve the other goals of sentencing. Accordingly, Mr. Galluzzo respectfully requests that the Court impose a sentence of 16 months incarceration, followed by a term of 8 months home confinement, pursuant to the Court's authority under *United States v. Booker,* 542 U.S. 220, 226-227 (2005) and 18 U.S.C. § 3553(a).

Regarding the government's request for a fine, the defense emphasizes that it is a provision of the advisory Guidelines, and not a mandate by federal statute, that burdens the defendant with showing that he is "unable to pay and is not likely to become able to pay" the applicable fine. *See* U.S.S.G. § 5E1.2. Further, Probation has already found that Mr. Galluzzo is not able to pay a fine. PSR ¶ 82. Notably, documentation independent of the presentence report is not required to satisfy the Guideline's requirement that the defendant bear the burden of establishing an inability to pay the fine, either now or in the future. *See United States v. Rivera,* 971 F.2d 876, 895 (2d Cir. 1992) (the Second Circuit found that the defendant may satisfy his burden of demonstrating an inability to pay by mere reference to the presentence report). As was noted in Mr. Galluzzo's PSR, the defendant has already agreed to forfeit an amount of $30,800. *See* PSR ¶ 93 and Defendant's Plea Agreement ¶¶ 5-11. Additionally, Mr. Galluzzo has two young children and his wife is currently pregnant with the couple's third child. His incarceration for the present offense already significantly burdens the couple's ability to support their family and a fine only unnecessarily adds to this encumbrance.

For the aforementioned reasons, the defense respectfully requests that the Court not incorporate a fine into Mr. Galluzzo's sentence and impose the defense's originally proffered sentence of 16 months incarceration, followed by a term of 8 months home confinement,

pursuant to the Court's authority under *United States v. Booker,* 542 U.S. 220, 226-227 (2005) and 18 U.S.C. § 3553(a). This sentence is sufficient, but not greater than necessary, to achieve the purposes of sentencing and constitutes just punishment for the offenses to which Mr. Galluzzo has pled guilty. The Court's time and consideration of this request are greatly appreciated.

Respectfully submitted,

Margaret M. Shalley

cc: AUSA Elizabeth Geddes
    *via e-mail – elizabeth.geddes@usdoj.gov*
    USPO Steven Guttman
    via e-mail – steven_guttman@nysp.uscourts.gov